# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### ASSIGNED ON BRIEFS DECEMBER 14, 2000

## BRENDA LYNN WOODS v. HOWARD B. HAYDEN, ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**Nos. 304352t, 97847t, 97848t; The Honorable Joe C. Morris, Chancellor, by designation**

---

### No. W2000-02362-COA-R3-CV - Filed April 18, 2001

---

The cases on appeal are three actions that were consolidated by Order of the court below. The Defendants in all cases are practicing attorneys. While Appellant's brief is difficult to follow and contains no citations to the record, it appears that she was dissatisfied with the outcome of two cases which were pending in the Chancery Courts of Shelby County, Tennessee. As a result, she sued the attorneys who worked on her behalf as well as her adversaries' counsel.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

Brenda Lynn Woods, *pro se*

Mark S. Norris, Nichole E. Soule', James L. Kirby, Robert Flynn, Leland McNabb, Memphis, for Appellees

### OPINION

### Memorandum Opinion[1]

Appellant initially employed appellee, Sam Zerilla, to bring suit against her mother, brother, and the taxicab companies they operate. Appellant's taxicab company was also sued. In both suits, summary judgment was granted to Appellant's adversaries.

---

[1] Rule 10 (Rules of the Court of Appeals). <u>Memorandum Opinion</u>. – (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

A few months after the filing of both Chancery Court suits, Appellant became unhappy with her attorney, Mr. Zerilla. As a result, she discharged him and retained appellee, Mr. Wilkins. Appellant also became dissatisfied with Mr. Wilkins' services and discharged him. Then, Appellant employed appellee, Mr. Cartwright. Appellant also became unhappy with Mr. Cartwright's services and discharged him. Since then, Appellant has been acting *pro se*.

Appellant has sued, among others, all of the aforementioned attorneys who represented her and Howard Hayden, the attorney who represented her adversaries in the Chancery Court proceedings. Appellant has alleged that Appellees were guilty of conspiracy, embezzlement, fraud, sabotage, misrepresentation, abandonment, extortion, and breach of fiduciary duty. However, it appears to us that her complaints are essentially alleging malpractice by the attorneys who represented her as well as an alleged conspiracy between her attorneys and Appellee Mr. Hayden, who represented her adversaries. Summary judgment was granted to all of the defendants. Plaintiff has appealed.

First, we note that Appellant presented no evidence to contradict Appellees' motions for summary judgment. In <u>Byrd v. Hall</u>, 847 S.W.2d 208 (Tenn. 1993), our supreme court stated that the non-moving party may not simply rely upon her pleadings, but must "set forth specific facts showing that there is a genuine issue of material fact for trial." <u>Id</u>. at 211. "Once it is shown by the moving party that there is no genuine issue of material fact, the non-moving party must then demonstrate, by affidavits or discovery materials, that there is a genuine material fact dispute to warrant a trial." <u>Id</u>. In the case at bar, the Defendants filed affidavits to establish that there were no genuine issues of material fact. Appellant, however, failed to show any proof or set of facts that was material to the outcome of the case. Appellant even admitted in open court that she had no factual basis to support her allegation that her former attorneys and counsel for the Defendants engaged in any sort of conspiracy or other such inappropriate conduct. Accordingly, we find no error with the trial court's entry of summary judgment.

Finally, we note that Appellant also refused to comply with discovery requests filed by the Appellees. Even after a Motion to Compel was entered by Chancellor Morris, Appellant still refused to answer the interrogatories and failed to respond to the request for production of documents, stating that they were "frivolous, cumbersome, repetitive, and invasion of privacy, irrelevant and unnecessary." In the Order Granting Summary Judgments and dismissing the case, Chancellor Morris cited Appellant's failure to respond to discovery requests as one of the bases for his judgment. This is certainly proper under Rule 37 of the Tennessee Rules of Civil Procedure, and we find no error with the trial court's ruling.

Upon review of the record in this case, we fail to find a reversible error of law. Accordingly, we affirm the court below in accordance with Court of Appeals Rule 10(b). Costs are taxed to the Appellant, Brenda Lynn Woods, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE